UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CHARLES EDWARD CARR )
)
v. )
) No.: 2:12-cv-213
)
ARNOLD WAYNE HODGE, *et al.* ) Collier/Carter
)
)
)

REPORT and RECOMMENDATION

The undersigned has screened the plaintiff's complaint in the instant action pursuant to 28 U.S.C. § 1915(e)(2) and hereby RECOMMENDS that the District Court DISMISS this action in its entirety on the following grounds: lack of subject matter jurisdiction, failure to state a claim for which relief can be granted, frivolousness of claims, judicial immunity, and failure to seek leave of court to file this action.

Plaintiff Charles Edward Carr, *pro se,* has filed an application to proceed *in forma pauperis*. [Doc. 1]. Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johnson v. City of Wakefield*, 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

1

The standard required by §1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 556 (2007). While "[s]pecific facts are not necessary" and "the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests,'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 555,) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Finally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's complaint, in which he requests one hundred million dollars in damages, does not sufficiently explain the basis for his bringing this action. The attached exhibits give a little more insight. It appears plaintiff contends that he is an heir of Pelham Humphries, allegedly a man from Tennessee who moved to Texas around 1834 and bought a tract of land known as the "Spindletop Oil Field." The Spindletop Oil Field eventually became one of the most lucrative oilfields in the United States, beginning in 1901 when the first oil well was drilled there. Various groups have sprung up in Texas, North Carolina and Tennessee which have filed lawsuits claiming their members are heirs to the Pelham Humphries estate and seeking millions of dollars from the oil companies that have extracted oil from the Spindletop Oil Field. These

suits, filed in both federal and state courts in Texas and in Tennessee, have been universally unsuccessful. *See e.g.*, *Jones v. McFaddin,* 382 S.W.2d 277, 278 (Tex.Civ.App.—Texarkana 1964, writ dism'd w.o.j.), *appeal dism'd,* 382 U.S. 15, 86 S.Ct. 56, 15 L.Ed.2d 11 (1965).*See Green v. Texas Gulf Sulphur Co.,* 393 F.2d 67 (5th Cir. 1968); *Beasley v. McFaddin,* 393 F.2d 68 (5th Cir. 1968); *Humphries v. Texas Gulf Sulphur Co.,* 393 F.2d 69 (5th Cir.1968). The general view now, including that of the Sixth Circuit, is that "Humphries heirs" claims are barred by the doctrines of collateral estoppel and res judicata. *Feathers v. Chevron, U.S.A., Inc.,* 141 F.3d 264, 266-67 (6th Cir. 1998) (citing *In re Peregoy,* 885 F.2d 349, 352 (6th Cir.1989); *Peregoy v. Amoco Production Co.,* 742 F.Supp. 372, 375–76 (E.D.Tex.1990)).

It appears, based on the attachments filed with plaintiff's complaint, that Wayne Hodge, a defendant in this case, convinced a Chancery Court in Carter County, Tennessee in 2010 to open an estate for Pelham Humphries and name Hodge as the administrator. (*See* Doc. 2-3, Page ID# 27.) As administrator of the Pelham Humphries Estate, Hodge has sent letters to the putative heirs to collect "dues" and money for attorney's fees to pursue their claims to the Pelham Humphries Estate. *See e.g.*, Doc. 2-2 Page ID ## 18-19 (Wayne Hodge Letter dated Nov. 18, 2009). According to plaintiff, defendant Hodge wrongly refused to include him in a list of "first line heirs" to the Pelham Humphries Estate. Plaintiff Carr asserts defendant Hodge is running a "scam," and asserts a fraud claim against Hodge. Carr also summarily alleges Hodge has violated his "civil rights."

There are no facts alleged or discernible from the complaint or attached documents to support a claim for a violation by defendant Hodge of plaintiff's civil rights. This claim is so devoid of a factual basis as to be frivolous. The claim for fraud, however, is more discernible. Nevertheless, according to the documents attached to the complaint, it appears that Hodge is a

3

citizen of Tennessee. Plaintiff is also a citizen of Tennessee, and a claim for fraud would be brought under state law. Thus, given the absence of complete diversity of citizenship between defendants and plaintiff, the fraud claim presents no basis for federal subject matter jurisdiction. *See* 28 U.S.C. § 1332.

Carr has also sued the judge presiding over the Pelham Humphries Estate case, Chancellor Richard Johnson. Plaintiff has attached a decision of Chancellor Johnson in which Chancellor Johnson ordered Carr to cease "spreading in any manner … further rumors and falsehoods regarding the Estate…" (Doc. 2-4, Order dated October 29, 2010.) The order was entered by Clerk and Master Melissa Moreland, and "approved for entry" by "Special Master" Gregory Bowers and "Guardian Ad Litem" Travis Holly. *Id.* Carr has also named Clerk and Master Melissa Moreland, Special Master Gregory Bowers, and Guardian Ad Litem Travis Holly as defendants. Without giving any explanation or details, plaintiff accuses these defendants of "falsifying court records to defraud another court across state lines, violating civil rights etc." (Complaint at 2, Doc. 3, Page ID# 13). While the undersigned can assume these allegations have something to do with the October 29, 2010 order signed by Chancellor Johnson, they are purely conclusory and therefore insufficient to state a claim for fraud or a denial of civil rights.

Moreover, Judge Smith is entitled to judicial immunity. Judicial immunity attaches to actions undertaken in a judicial capacity. *Forrester v. White*, 484 U.S. 219, 227-229 (1988). An action taken in a judicial capacity is a "function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349 (1978). "An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (citing *Stump*, 435 U.S. at 356-59). Ruling on motions and

entering orders is a normal judicial function and cannot form the basis of an action against Chancellor Johnson. Further, "[t]his immunity extends to officials who execute or enforce a court order because those acts are 'intrinsically associated with a judicial proceeding.'" *Hanner v. City of Dearborn Heights*, 450 Fed. Appx. 440, 446 (6th Cir. 2011). In this same vein, clerks of court, when performing quasi-judicial functions, are entitled to immunity. *See Smith v. Martin,* 542 F.2d 688, 690-91 (6th Cir.1976) (per curiam). Entering an order signed by a judge is a quasi-judicial function required by a clerk of court, thus Melissa Moreland is also entitled to immunity from plaintiff's claims. Finally, the undersigned also concludes plaintiff's claims against defendants Johnson, Moreland, Bowers and Holly are so devoid of a factual basis as to be frivolous.

Plaintiff moves to amend his complaint [Doc. 6] to add two individuals as defendants. Plaintiff does not, however offer *any* reason why one of these persons should be added as a defendant and states that the second person should be added simply because his "name appears on what is called certificate of donation to the Pelham Humphries Litigation Fund…." (Doc. 6, Page ID # 167). Plaintiff offers no factual basis to state a claim against these persons, thus, plaintiff's motion to amend his complaint should be denied.

Finally, the undersigned notes that Judge Collier entered an order in *Roy Feathers v. Chevron U.S.A., Inc.*, 2:95-cv-391 (E.D. Tenn. Aug. 1, 1996) (Collier, J.) in which Judge Collier ordered that the Clerk of the Court is enjoined from accepting any lawsuit filed by any party claiming as an heir of Pelham Humphries and involving any claim to the land known as the Humphries Survey, the Humphries League, or the Spindletop Oil Field, unless there is first a motion for leave to file granted by a sitting judge in the Eastern District of Tennessee. No such motion has been filed, and no such leave has been granted.

Accordingly, for the reasons stated herein, it is RECOMMENDED that plaintiff's motion to amend his complaint be DENIED and this action be DISMISSED in its entirety. It is further RECOMMENDED that plaintiff's *in forma pauperis* application be DENIED as moot.[1]

/s *William B. Mitchell Carter*
William B. Mitchell Carter
United States Magistrate Judge

---

1 Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).